## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| TRU KIDS INC., | : |
| Plaintiff, | : CIVIL ACTION NO. |
| v. | : |
| VAPE R US, INC. and ASHRAF RAYSHANI, | : |
| Defendants. | : MAY 14, 2025 |

## COMPLAINT

Plaintiff TRU Kids Inc. ("Toys R Us" or "Plaintiff"), by and through its undersigned attorneys, for its complaint against Defendants Vape R Us, Inc. ("Vape R Us") and Ashraf Rayshani ("Rayshani," and with Vape R Us, collectively, "Defendants"), hereby alleges as follows:

## INTRODUCTION

1.     This case arises from Defendants' intentional copying and tarnishment of Toys R Us trademarks, whereby Defendants use a logo and related indicia confusingly similar to and dilutive of those used by Toys R Us.

2.     Toys R Us is one of the most, if not the most, famous and well-known toy stores in the history of the United States, endearing itself to generations of consumers of all ages.

3.     Toys R Us, its predecessors in interest, and its licensees have widely used and promoted Plaintiff's TOYS R US marks (the "TOYS R US Marks") in connection with their toy store-related goods and services ("Plaintiff's Goods and Services"). As a result of this long term and widespread use and promotion, Plaintiff's

TOYS R US Marks have become famous, indicating Toys R Us as the source and licensor of high quality and trusted goods and services.

4.     Long after and with full knowledge of Plaintiff's first use of its TOYS R US names and marks, Defendants adopted the confusingly similar and diluting mark VAPE R US and related confusing indicia, and upon information and belief have used such mark and indicia in connection with drug-related products, pipes, vape supplies, bongs, cannabis, herbal stimulants, novelty items, accessories, snacks—including cannabis infused snacks—and retail store services, and goods and services relating to same ("Defendants' Goods and Services").

5.     Upon information and belief, and in a blatant and obvious bad-faith effort to trade on the significant goodwill and fame that Toys R Us has developed over decades, with tens of millions of dollars investment by Toys R Us, Defendants are now operating a brick and-mortar retail stores under the mark VAPE R US (the "Infringing Store") prominently displaying VAPE R US signage that is confusingly similar to and dilutive of the TOYS R US Marks:

Plaintiff's Logo:                    Defendants' Logos:







2

6.    Indeed, in an effort to confuse the average consumer, Defendants are imitating the famous and distinct Toys R Us bubble-typeface, with each letter appearing in a different color, and with a reverse R letter, on the signage that appears on its Infringing Store.

7.    Toys R Us dedicates immeasurable efforts and resources to ensure that the Toys R Us brand maintains a fun, safe, and kid-friendly image. Defendants' juxtaposition of the TOYS R US Marks with the smoking-related term "Vape," as well as the Defendants' smoking and drug-related products, tarnish Plaintiff's carefully crafted brand. One variant of Defendants' signage included Plaintiff's iconic Geoffrey the Giraffe character holding a vaping implement.

8.    Upon information and belief, Defendants are also using the distinctive TOYS R US Marks intentionally to deceive customers into falsely believing that they are shopping at a store owned by, affiliated with, or endorsed by Toys R Us.

9.    It is clear that Defendants seek to capitalize on the goodwill and fame of the Toys R Us brand, as demonstrated by Defendants' continued, improper, and unauthorized use of Plaintiff's intellectual property.

10.    These intentional acts by Defendants are likely to create confusion such that a reasonable consumer would be justified in falsely believing that Defendants are affiliated with, or a spin-off of, Toys R Us.

11.    As such, Toys R Us brings this action for trademark dilution, trademark infringement, false designation of origin, and unfair competition under the federal Lanham Act, 15 U.S.C. § 1051 et seq., and Connecticut state law, to protect its valuable intellectual property from irreparable harm, consumer confusion, and trademark dilution

that erodes and damages the reputation and goodwill that Toys R Us has spent considerable time and resources developing.

12. Toys R Us is entitled to permanent injunctive relief to stop Defendants from using Toys R Us' intellectual property, as well as a significant award of damages that includes disgorgement by Defendants of any profits, actual damages to Toys R Us, a reasonable royalty payment by Defendants, attorneys' fees, and costs of suit.

## PARTIES

13. Toys R Us is, and at all relevant times was, a Delaware corporation with a place of business at 530 Fifth Avenue, Floor 12, New York, New York 10036. Toys R Us is the owner of the TOYS R US Marks.

14. Defendant Vape R Us is a corporation organized under the laws of Connecticut, with a principal place of business at 837 Whalley Avenue, New Haven, Connecticut 06515-1739. The Vape R Us store is located and regularly does and/or transacts business in this District.

15. On information and belief, Defendant Rayshani resides at 9 Tower Lane, #409, New Haven, CT 06519-1799, an address that is also the mailing address for Vape R Us. On information and belief, Rayshani is an officer and/or owner and agent of Vape R Us who personally and jointly participated in, and supervised, directed, managed, approved, controlled and/or benefited from, the activities of Vape R Us at issue in this case.

## JURISDICTION AND VENUE

16. This Court has original jurisdiction over the claims herein arising under the Lanham Act, pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. This

4

Court has supplemental jurisdiction over the claims herein arising under the laws of Connecticut, pursuant to 28 U.S.C. § 1367.

17.     This Court has personal jurisdiction over Defendants pursuant to Federal Rule of Civil Procedure 4(e) and Conn. Gen. Stat. § 52-57(a) and (c) because, upon information and belief, Defendants do business and maintain a store in this District, Vape R Us was incorporated in and has its principal place of business in Connecticut, Rayshani resides in this District, and the claims of Toys R Us against Defendants arise from Defendants' operation of a business and Defendants' commission of the torts of trademark dilution, trademark infringement, false designation of origin, and unfair competition within this District.

18.     Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) in that, upon information and belief, Defendants reside and/or transact business and/or do business within this District.

## PLAINTIFF'S BUSINESS AND TRADEMARKS

19.     The Toys R Us brand is used in connection with brick and mortar and online toy stores, and manufactures, distributes, and sells retail toys, games, novelties, children's jewelry, children's clothing, computers, and numerous other products.

20.     The Toys R Us brand, including its many well-known trademarks and other intellectual property, has been in continuous use in commerce in the United States, and abroad, since as early as 1960.

21.     Toys R Us has used several famous logos in connection with Plaintiff's Goods and Services, including the following iteration, which has multiple famous

5

branding elements including letters in distinct bubble font, different colors for each letter, and a reverse R letter:



22.    Toys R Us owns multiple trademark registrations for the TOYS R US Marks, including the famous logo displayed above.

23.    Toys R Us has expended considerable resources to protect its intellectual property, including filing trademark applications and owning registrations in the United States and throughout the world.

24.    Included among Plaintiff's TOYS R US Marks are the following active federal registrations:

| Trademark | Registration No. | Registration Date | Goods and Services |
|-----------|------------------|-------------------|--------------------|
| **Toys Я us** | 3859458 | October 12, 2010 | Retail and online stores features toys and related goods |
| TOYS "R" US | 2364201 | July 4, 2000 | Retail department store services |
| TOYS "R" US | 2019153 | November 26, 1996 | On-line retail store services featuring computer related products |
| **TOYS Я US** | 1215353 | November 2, 1982 | Retail department store services |
| **Toys Я us** | 3724925 | December 15, 2009 | Retail and online stores features toys and related goods |

6

| | 2362269 | June 27, 2000 | Retail department store services |
|---|---|---|---|
| | 0902125 | November 10, 1970 | General line of children's toys and toy novelties |
| TOYS "R" US | 2063369 | May 20, 1997 | Credit card services |
| TOYS "R" US | 2758567 | September 2, 2003 | Truck hauling |
| TOYSRUS.COM | 2370396 | July 25, 2000 | On-line retail department store services |
| TOYS "R" US TOY BOX | 3003574 | October 4, 2005 | Retail store services in a section of a food store featuring a variety of consumer goods, toys and related goods |
| TOYS "R" US | 2797686 | December 23, 2003 | Charitable fund raising and charitable grantmaking services |
| TOYS R US PETS | 4176651 | July 17, 2012 | Pet toys |
| TOYS R US WORLD | 6915344 | December 6, 2022 | Sales of toys and related goods; amusement park services; hotel and restaurant services |
| TOYS R US STUDIOS | 6915345 | December 6, 2022 | Clothing; amusement park services |
| TOYS R US TV | 6915346 | December 6, 2022 | Clothing; amusement park services |
| TOYS R US LAND | 6915347 | December 6, 2022 | Clothing; sales of toys and related goods; amusement park services; hotel and restaurant services |
| TOYS R US PARK | 6915348 | December 6, 2022 | Clothing; sales of toys and |

7

| | | | related goods; amusement park services; hotel and restaurant services |
|---|---|---|---|
|  | 1287473 | Jul. 24, 1984 | Retail Department Store Services |

25.     Copies of certificates of registration for the marks listed above are attached as Exhibit 1.

26.     All of the foregoing registrations are valid and subsisting.

27.     Many of the above registrations, including but not limited to Reg. Nos. 3859458, 2364201, 2019153, 1215353, 3724925, 2362269, and 1287473 are incontestable and constitute conclusive evidence of Plaintiff's exclusive right to use the marks for the goods specified in the registrations.

28.     The TOYS R US Marks have been used extensively to identify and promote the Toys R Us brand and represent the Toys R Us brand as a distinct provider of retail toys and related goods and services. Toys R Us enjoys significant goodwill in the TOYS R US Marks.

29.     Toys R Us, its predecessors in interest, and its licensees have expended considerable resources on the Toys R Us brand to promote the TOYS R US Marks to the consuming public, including multi-million-dollar media campaigns to advertise and develop its brand and promote its marks.  They also have litigated extensively to prevent others from using their marks ending with "R Us." *See Toys "R" Us, Inc. v. Akkaoui,* No. C 96-3381 CW, 1996 WL 772709, at *2 (N.D. Cal. Oct. 29, 1996).

8

30. Those efforts have made Toys R Us well-known and famous to generations of children and adults. The TOYS R US Marks distinguish Plaintiff's Goods and Services from all others and are a strong, distinctive identifier of its goods and services. Courts have recognized that the TOYS R US Marks are famous. *See, e.g., Toys "R" Us, Inc. v. Smokes R Us of Pa Corp.,* No. 11-cv-00820, 2011 WL 2582899 (M.D. Pa. June 20, 2011); *Toys "R" Us, Inc. v. Akkaoui,* No. C 96-3381 CW, 1996 WL 772709, at \*2 (N.D. Cal. Oct. 29, 1996).

31. Plaintiff's Goods and Services are offered at Toys R Us brand retail locations nationwide, including in Connecticut.

32. An authorized TOYS R US branded online store is located at https://www.toysrus.com/, where Plaintiff's Goods and Services are offered in connection with Plaintiff's TOYS R US Marks.

33. Toys R Us is currently using the TOYS R US Marks in commerce and plans to continue such use in the future.

## DEFENDANTS' ACTIVITIES

34. Vape R Us filed its certificate of incorporation with the Connecticut Secretary of State on February 7, 2025 and obtained the "Dealer of Electronic Nicotine Delivery System or Vapor Product" license from the State of Connecticut on March 26, 2025.

35. Upon information and belief, Defendants own and operate at least one retail store under the name Vape R Us, located in New Haven, Connecticut and that store first opened for business in April 2025.

36.     Upon information and belief, Defendants' Goods and Services include smoking and drug-related goods and services, including pipes, bongs, cannabis, herbal stimulants, novelty items, accessories, snacks, and retail store services, and goods and services relating to same.

37.     Upon information and belief, long after and with full knowledge of Plaintiff's first use of its TOYS R US Marks, Defendants adopted the confusingly similar and diluting mark VAPE R US ("Defendants' VAPE R US Mark") and have used such mark in connection with Defendants' Goods and Services in United States commerce, including within this District.

38.     Upon information and belief, Defendants manufacture, market, promote, advertise, offer for sale, sell and/or distribute Defendants' Goods and Services in connection with Defendants' VAPE R US Mark in United States commerce, including in this Judicial District.

39.     Upon information and belief, Defendants first began using Defendants' VAPE R US Mark in connection with Defendants' Goods and Services in United States commerce and in the District decades after Toys R Us first began using its own TOYS R US Marks.

40.     Defendants' VAPE R US Mark is identical, nearly identical and/or highly similar to Plaintiff's TOYS R US Marks.

41.     Defendants' Store contains exterior signage that is nearly identical and confusingly similar to Plaintiff's TOYS R US Marks. A cropped image of the New Haven Vape R Us exterior signage is displayed below, which includes Defendants' VAPE R US Mark in a logo form:



42. Like the Toys R Us famous logo, the "VAPE R US" logo has each letter appearing in a bubble font. Furthermore, like the Toys R Us famous logo, the "VAPE R US" logo uses a different color for each letter.

43. Like the Toys R Us famous logo, the "R" in the "VAPE R US" logo is reversed and features—a five-pointed star—inside the "R" of TOYS R US.

44. The "VAPE R US" logo also has the reversed "R" in quotation marks as does many of Plaintiff's TOYS R US Marks, such as 2364201, 2019153 and 1215353.

45. Furthermore, the "VAPE R US" logo contains an "R," "U," and "S" of an identical or nearly identical shape as those letters in the TOYS R US logo.

46. The similarity is striking:





Plaintiff's Logo                    Defendants' Logo

11

47.    The use of bubble fonts, rotating colored letters, and other indicia are unique elements that create and identify the distinctiveness of a Toys R Us store, and the use of the TOYS R US Marks on Defendants' signage constitutes clear trademark infringement, dilution, and other violations.

48.    Upon information and belief, Defendants' Store also previously displayed a sign on the exterior of its storefront that is nearly identical and confusingly similar to Plaintiff's TOYS R US Marks, and that not only displayed a logo that was identical or virtually identical to the logo in the prior Paragraph, but also added Plaintiff's cartoon giraffe, identical or nearly identical and confusingly similar to Plaintiff's TOYS R US Marks.



49.    Upon information and belief, Defendant Rayshani jointly participated in, and supervised, directed, managed, approved, controlled and/or benefited from, the activities of Vape R Us at issue in this case, including trademark infringement, dilution, and/or other violations of Plaintiff's rights in the TOYS R US Marks.

50.    Upon information and belief, the New Haven Health Department has filed a complaint with the Connecticut Department of Mental Health and Addiction Services' State Tobacco Prevention and Enforcement Unit that, according to a newspaper article in the New Haven Independent, published on April 22, 2025 (attached as Exhibit 2),

12

concerned "marketing tobacco products to minors." The article states: "The new sign mimics the color scheme and font type of the logo for Toys 'R Us. Both even have the same backwards "R" in the middle."

## DEFENDANTS' WRONGFUL CONDUCT HAS CAUSED AND WILL CONTINUE TO CAUSE HARM

51. On or about May 5, 2025, Toys R Us served Defendants with a letter, attached as Exhibit 3 and incorporated herein, demanding that the Vape R Us store immediately cease and desist from using the TOYS R US Marks. Defendants have not complied with the cease-and-desist demand.

52. Upon information and belief, Defendants' VAPE R US Mark and logo were designed so that Plaintiff's actual and prospective customers falsely believe that the Infringing Stores are affiliated with, associated with, licensed, sponsored, or endorsed by Toys R Us.

53. Upon information and belief, Defendants knew that they were violating Toys R Us' rights in the TOYS R US Marks and designed and adopted the VAPE R US Mark in bad faith, deliberately intending to imitate the famous TOYS R US Marks, and in an effort to trade on the goodwill associated with TOYS R US Marks.

54. Toys R Us dedicates immeasurable efforts and resources to ensure that the Toys R Us brand maintains a fun, safe, and kid-friendly image. Defendants' juxtaposition of the TOYS R US Marks with Defendants' smoking and drug-related products – including its iconic Giraffe holding a vaping implement – tarnishes Plaintiff's carefully crafted brand.

55. Defendants' use of Defendants' VAPE R US Mark, including in connection with the manufacture, marketing, promotion, advertising, offering for sale, sale, and/or

distribution of Defendants' Goods and Services, including in this District, is likely to cause confusion as to the source and origin of Defendants' Goods and Services and to cause mistake, and to deceive the public by misleading consumers into believing that Defendants' Goods and Services emanate from, are approved, authorized, endorsed or sponsored by, or are in some way associated or connected with Toys R Us and its TOYS R US Marks.

56.   Defendants have no relationship or affiliation with Toys R Us, and Toys R Us did not consent to Defendants' display of, or use of, the TOYS R US Marks.

57.   Defendants' acts described above have caused Toys R Us to sustain damage, loss, and injury, in an amount to be determined at trial.

58.   Defendants' conduct as described above has caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm to Toys R Us, for which Toys R Us has no adequate remedy at law.

## COUNT I – TRADEMARK DILUTION (FEDERAL)

1-58.   Toys R Us repeats and realleges the allegations of paragraphs 1 through 58 as if fully set forth herein.

59.   Plaintiff's TOYS R US Marks are famous and distinctive among the general consuming public in the United States and have enjoyed such fame and distinctiveness since long before Defendants adopted and began use of their VAPE R US Mark.

60.   Because the "R US" designation is a coined, fanciful term, it is considered "inherently distinctive" and is widely recognized by the general consuming public of the United States as a designation of source belonging to the Plaintiff.

14

61.     By reason of its extensive advertising, promotion, and sale of Toys R Us products and services, the TOYS R US Marks have acquired, and now enjoy, widespread fame and secondary meaning signifying Toys R Us products and services.

62.     The VAPE R US Mark is identical or very or substantially similar to the TOYS R US Mark.

63.     Defendants' activities in using the VAPE R US Mark in commerce without the permission of Plaintiff as described above, harm Plaintiff because they are likely to cause dilution by blurring the distinctive qualities of the famous and distinctive TOYS R US Marks, in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

64.     Defendants' activities as described above also are likely to cause dilution by tarnishment by associating the TOYS R US Marks with cigarettes, tobacco and other adult products sold by the Defendants and thus harming the reputation of the famous, child-oriented, family-friendly and distinctive TOYS R US Marks, in violation of Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c).

65.     The Defendants' use of the VAPE R US Mark is a deliberate, knowing, and willful violation of Plaintiff's rights in the TOYS R US Mark. Such acts have been undertaken in reckless and willful disregard for Plaintiff's rights in the TOYS R US Mark.

66.     As a result of Defendants' activities, Plaintiff has suffered and will continue to suffer irreparable harm for so long as Defendants continue to use the Vape R Us mark in commerce.  Absent the intervention of the Court, Toys R Us will continue to suffer irreparable harm to its business, goodwill, and property for which there is no adequate remedy at law.

15

67.    As a result of Defendants' conduct, Toys R Us has suffered actual damages in an amount to be proved at trial.

68.    This is an exceptional case and Toys R Us is entitled to recover reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## COUNT II – INFRINGEMENT OF A REGISTERED TRADEMARK (FEDERAL)

1-68.    Toys R Us repeats and realleges the allegations of paragraphs 1 through 68 as if fully set forth herein.

69.    Each and every mark held by Plaintiff is a valid, enforceable, famous, and inherently distinctive trademark for the goods or services listed in the registration for that mark and has been recognized nationwide and for decades as a designation of source. These registrations are valid and protected under the Lanham Act, 15 U.S.C. § 1115(a), and provide plaintiff with the exclusive right to use the TOYS R US Marks in commerce in the United States, the State of Connecticut, and this Judicial District.

70.    The VAPE R US Mark is identical or nearly identical to the TOYS R US Marks in commerce in connection with the sale or advertising of goods or services without the consent of Toys R Us.

71.    Upon information and belief, the foregoing actions of Defendants were taken with actual notice and knowledge of Plaintiff's rights in the TOYS R US Mark.

72.    Defendants' activities as described above constitute infringement of Plaintiff's registered TOYS R US Marks, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

73.    Defendants' use of the Vape R Us is a deliberate, knowing, and willful infringement of Plaintiff's rights in the TOYS R US Marks. Such acts have been

16

undertaken in reckless and willful disregard for Plaintiff's rights in the TOYS R US Mark and have been designed specifically to trade upon the goodwill associated with the TOYS R US Mark.

74. Defendants' infringement of the TOYS R US Mark is causing irreparable injury to Plaintiff. Absent the intervention of this Court, Plaintiff will continue to suffer irreparable harm to its business, goodwill, and property for which there is no adequate remedy at law.

75. As a result of Defendants' conduct, Toys R Us has suffered actual damages in an amount to be proved at trial.

76. This is an exceptional case and Toys R Us is entitled to recover reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## COUNT III – FALSE DESIGNATION OF ORIGIN (FEDERAL)

1-76. Toys R Us repeats and realleges the allegations of paragraphs 1 through 76 as if fully set forth herein.

77. The Defendants use of the VAPE R US Mark in connection with its sale of products creates a false designation of origin, giving consumers the incorrect impression that such products emanate from Toys R Us. It falsely creates the impression that Toys R Us sponsors or approves of Defendants' products, and further falsely associates Defendants and their products with Toys R Us.

78. Defendants' use of the VAPE R US Mark is likely to cause confusion as to the affiliation, connection or association of Defendants with Toys R Us, or as to the origin, sponsorship, or approval of Defendants' goods, services or commercial activities by Toys R Us.

79.     Defendants' activities as described above—including but not limited to the identical and confusing use of bubble fonts and rotating colored letters—constitute the use in commerce of false designations of origin, sponsorship, or approval, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

80.     Defendants' use of the VAPE R US Mark is a deliberate, knowing, and willful infringement of Plaintiff's rights in the TOYS R US Marks. Such acts have been undertaken in reckless and willful disregard for Plaintiff's rights in the TOYS R US Mark and have been designed specifically to trade upon the goodwill associated with the TOYS R US Mark.

81.     Defendants' infringement of the TOYS R US Mark is causing irreparable injury to Plaintiff. Absent the intervention of this Court, Plaintiff will continue to suffer irreparable harm to its business, goodwill, and property for which there is no adequate remedy at law.

82.     As a result of Defendants' conduct, Toys R Us has suffered actual damages in an amount to be proved at trial.

83.     This is an exceptional case and Toys R Us is entitled to recover reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## COUNT IV – TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION (COMMON LAW)

1-83.   Toys R Us repeats and realleges the allegations of paragraphs 1 through 92 as if fully set forth herein.

84.     Defendants' conduct as described above constitutes trademark infringement and unfair competition under the common law of the State of Connecticut.

18

85.    Defendants' infringement of the TOYS R US Mark is causing irreparable injury to Plaintiff.  Absent the intervention of this Court, Plaintiff will continue to suffer irreparable harm to its business, goodwill, and property for which there is no adequate remedy at law.

86.    As a result of Defendants' conduct, Toys R Us has suffered actual damages in an amount to be proved at trial.

## COUNT V – CONNECTICUT UNFAIR TRADE PRACTICES ACT

1-86.    Toys R Us repeats and realleges the allegations of paragraphs 1 through 86 as if fully set forth herein.

87.    Defendant Vape R Us is a "person" within the meaning of Conn. Gen. Stat. § 42-110a(3).

88.    Defendant Rayshani is a "person" within the meaning of Conn. Gen. Stat. § 42-110a(3).

89.    At all relevant times to this complaint, Defendants Vape R Us and Rayshani were engaged in the business of selling smoking and drug-related goods and services, which constitutes trade or commerce under Conn. Gen. Stat. § 42-110a(4).

90.    Defendants' activities in using the VAPE R US Mark in commerce without the permission of Plaintiff as described above, harm Plaintiff because:  (a) they are likely to cause dilution by blurring the distinctive qualities of the famous and distinctive TOYS R US Marks and dilution by tarnishment by associating the TOYS R US Marks with cigarettes, tobacco and other adult products sold by the Defendants and thus harming the reputation of the famous, child-oriented, family-friendly and distinctive TOYS R US Marks; (b) they are likely to constitute infringement of Plaintiff's registered

TOYS R US Marks; (c) they constitute the use in commerce of false designations of origin, sponsorship, or approval; (d) they offend public policy by violating the statutes cited herein; (e) they are immoral, unethical, oppressive, or unscrupulous by improperly associating the TOYS R US Marks with cigarettes, tobacco and other adult products and marketing and/or making such products appealing to children; and (f) they cause substantial injury to consumers by improperly associating the TOYS R US Marks with cigarettes, tobacco and other adult products and marketing and/or making such products appealing to children.

91.    By virtue of the Defendants' actions in using the VAPE R US Mark, the Defendants have engaged in "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce" within the meaning of the Connecticut Unfair Practices Trade Act, Conn. Gen. Stat. § 42-110b.

92.    By virtue of the Defendants' actions, Toys R Us has suffered an ascertainable loss.

93.    Defendants' use of the VAPE R US Mark is a deliberate, knowing, and willful infringement of Plaintiff's rights in the TOYS R US Marks. Such acts have been undertaken in reckless and willful disregard for Plaintiff's rights in the TOYS R US Mark and have been designed specifically to trade upon the goodwill associated with the TOYS R US Mark.

94.    Defendants' infringement of the TOYS R US Mark is causing irreparable injury to Plaintiff.  Absent the intervention of this Court, Plaintiff will continue to suffer irreparable harm to its business, goodwill, and property for which there is no adequate remedy at law.

95.    As a result of Defendants' conduct, Toys R Us has suffered actual damages in an amount to be proved at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

A.    That Defendants, their agents, servants, officers, directors, employees, partners, representatives, successors and assigns, and all those persons or entities in active concert or participation with any of them who receive actual notice of the injunctive order, be permanently enjoined from: (1) Any use, manufacture, production, sale, distribution, advertisement, promotion, display, signage, or other exploitation of Defendants' VAPE R US Mark; (2) Any use of Plaintiff's TOYS R US Marks or any other marks, designs, products, designations or displays confusingly similar thereto or that otherwise violate Plaintiff's rights in its TOYS R US Marks; (3) Committing any other acts calculated or likely to cause consumers to believe that Defendants and/or Defendants' Goods and Services are in any manner connected, affiliated or associated with or sponsored or approved by Plaintiff; and  (4) Committing any other acts likely to infringe, dilute, or otherwise violate Plaintiff's TOYS R US Marks or that constitute unfair competition with Plaintiff.

B.    Pursuant to 15 U.S.C. § 1118, that Defendants deliver to Plaintiff for destruction all units of the materials bearing Defendants' VAPE R US Mark (including without limitation all advertisements, promotional materials, brochures, signs, displays, packaging, labels, stationary, business cards, website materials, and/or invoices) within Defendants' possession, custody, or control, either directly or indirectly, or any other marks, designs, products, designations, signs, or displays confusingly similar thereto.

C.      Pursuant to 15 U.S.C. § 1116, that Defendants file with the Court and serve on counsel for Plaintiff within thirty (30) days after the entry of final judgment, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with paragraphs A and B above.

D.      Pursuant to 15 U.S.C. § 1117(a), that Defendants be directed to account to Plaintiff for all gains, profits, and advantages derived from Defendants' wrongful acts.

E.      Pursuant to 15 U.S.C. § 1117(a), common law and Conn. Gen. Stat. § 42-110g(d), that Plaintiff recover from Defendants the greater of three times the amount of Defendants' profits or any damages sustained by Plaintiff, together with interest on such amount and the costs of this action.

F.      Pursuant to 15 U.S.C. § 1117(a), common law and Conn. Gen. Stat. § 42-110g(d), that Plaintiff recover from Defendants its attorneys' fees and costs in this action.

G.      Pursuant to common law and Conn. Gen. Stat. § 42-110g, punitive and or exemplary damages.

H.      Plaintiff be awarded such other and further relief as the Court may deem equitable and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues triable as such.

PLAINTIFF – TRU KIDS INC.

By _____

Andy I. Corea – ct25925
acorea@harrisbeachmurtha.com
Jennifer L. Morgan – ct21751
jmorgan@harrisbeachmurtha.com
Marilyn B. Fagelson – ct17202
mfagelson@harrisbeachmurtha.com

HARRIS BEACH MURTHA CULLINA PLLC
265 Church Street, 9th Floor
New Haven, CT 06510
Telephone:  203.772.7700
Facsimile:   203.772.7723
Its Attorneys