# EXHIBIT 3



**HARRIS BEACH MURTHA**
ATTORNEYS AT LAW

May 2, 2025

265 CHURCH STREET
NEW HAVEN, CT 06510
203.772.7700

**ANDY I. COREA**
DIRECT:  203.772.7739
FAX:        203.772.7739
ACOREA@HARRISBEACHMURTHA.COM

VIA OVERNIGHT DELIVERY

VAPE R US, INC.
837 Whalley Ave
New Haven, CT 06515-1739
Attn: Ashraf Rayshani, Registered Agent

    RE:    <u>TRU Kids Inc.</u>

To Whom It May Concern:

    This firm represents TRU Kids Inc. ("TRU Kids") with respect to the intellectual property matters. TRU Kids is the owner of the world-famous Toys R Us® brand. It has come to TRU Kids' attention that your business is infringing and diluting the Toys R Us® trademark through your operation of a smoke and vape store in New Haven, Connecticut under the name Vape R Us (the "Infringing Store"). Your bad faith is apparent by your deliberate appropriation of TRU Kids' distinctive logo, "R US" designation, backwards R, color scheme, bubble font, and the like. Your Infringing Store violates TRU Kids' intellectual property rights and is clearly attempting to suggest an association with and profit off our client's goodwill.

    TRU Kids wants absolutely no association with your business and will not permit you to suggest otherwise. TRU Kids dedicates immeasurable efforts and resources to ensure that the Toys R Us® brand maintains a fun, safe, kid-friendly image, and your decision to juxtapose the TRU Kids intellectual property with your smoking and drug-related products tarnishes TRU Kids' carefully crafted brand. Your unauthorized actions constitute trademark and trade dress infringement, trademark and trade dress dilution, and unfair competition under federal and state laws. TRU Kids does not permit unauthorized use of its intellectual property and demands that you immediately cease and desist your infringing and tarnishing uses. Respond substantively demonstrating the steps you are taking to meet our demands by **May 12, 2025,** or you will face a steep and immediate escalation of legal process.

    TRU Kids is not reluctant to enforce its rights in this area. Courts have already found your precise actions to constitute trademark infringement and dilution. In *TOYS "R" US, INC. v. SMOKES R US OF PA CORP.*, Judge John E. Jones III concluded that the defendant's "adoption and use of the "SMOKES 'R US" mark," which was used in connection with cigarettes or other tobacco products, "constitute[d] infringement . . . [and] dilution, both by blurring and tarnishment." 2011 WL 2582899 (M.D. Pa. June 20, 2011). You would fare no better than that defendant, given that the Toys R Us® logo is much more similar to your logo than it was to the logo at issue in that case:

VAPE R US, INC.
May 2, 2025
Page 2



| Smokes R Us of PA Corp. logo | Toys R Us logo | Your logo |
|---|---|---|

If you do not comply with the demands listed below, TRU Kids will pursue and obtain the same remedies that it did in *TOYS "R" US, INC. v. SMOKES R US OF PA CORP.* at a minimum.

As you are well aware, Toys R Us® is the most famous and well-known toy store in the history of the United States. The Toys R Us® brand includes a family of related trademarks and service marks, namely Giraffe Design, TOYS "R" US, BABIES "R" US, "R" US, "R US," "R" and "я," both with and without quotation marks, alone and with other terms and design elements (collectively, the "R US Family of Marks"). TRU Kids' intellectual property has been used extensively in connection with toys, toy stores, children's books, clothing, stickers, and other goods and services for several decades. TRU Kids also operates a website at https://www.toysrus.com/ that shows various elements of the Toys R Us® brand.

TRU Kids owns several statutorily incontestable trademark registrations for the R US Family of Marks, including but not limited to the following:

- for TOYS R US: U.S. trademark registrations 1215353, 2063369, 2362269, 3724925, 3859458, 2364201, 2019153, 2758547, 2797686, and 902125 (the "Toys R Us® Trademarks");
- for "R": U.S. trademark registrations 2469154, 2715408, and 3647537 ("the "я" Trademarks");
- for "R US": U.S. trademark registrations 2282394, 2442370, 3647541 (the "R US® Trademarks");
- for Giraffe Design: U.S. trademark registration 4520091310 as well as over 100 variations.

A non-exhaustive collection of the foregoing trademark registrations is provided below for illustrative purposes:



VAPE R US, INC.
May 2, 2025
Page 3



     Independently, TRU Kids owns protectable trade dress in its distinctive and famous bubble font and color schemes as well as the Giraffe Design (the "Toys R Us® Trade Dress"). For instance, TRU Kids owns several statutorily incontestable trademark registrations for a variety of marks employing TRU Kids' distinctive bubble font lettering. *See, e.g.*, U.S. trademark registrations 2469154, 2715408, 3647537, 3647541, 3724926, 3859459, 1270000, and 1554261. TRU Kids owns several statutory incontestable trademark registrations for a variety of marks employing TRU Kids' distinctive Giraffe Design. *See, e.g.,* U.S. trademark registrations 4199420423, 7308085, 302211533, 94032898 4520091310 Et al. This proprietary bubble font lettering and Giraffe Design is used on TRU Kids' storefronts, website, products, signage, and the like, and is protectable with or without TRU Kids' proprietary color scheme of alternating colors.

     The Toys R Us® Trademarks and Trade Dress have been used extensively to identify, promote, and represent the Toys R Us® brand as a distinct provider of retail children's toys and related goods and services. TRU Kids enjoys significant goodwill in the Toys R Us® Trademarks and Trade Dress. The Toys R Us® Trademarks and Trade Dress distinguish TRU Kids' goods and services from all others and are strong, distinctive identifiers of its goods and services. A principal objective of the Toys R Us® brand is to maintain a fun, youthful, approachable, safe, and family friendly image.

### Willful Infringement of the Toys R Us® Intellectual Property

You have made it abundantly clear that you intend to suggest an association between your Infringing Store and Toys R Us®. Your infringing acts include at least: (1) your use of a strikingly similar logo; (2) your use of the distinctive Toys R Us® bubble font in your logo; (3) your use of the "R US" designation in your logo; (4) your use of the reverse "R" in your logo; (5) your use of a Star graphic inside the R in your logo; (6) your use of alternating colors in your logo; and (7) your use of the Giraffe Design in one version of your logo:



A previous version of your banner sign included the famous Giraffe Design.



The similarity between your infringing mark and the Toys R Us® and Giraffe Design logos is stark. Your flagrant copying of TRU Kids' logo is clearly intended to build an association with TRU Kids and to cause customer confusion:



VAPE R US, INC.
May 2, 2025
Page 5



      The similarity shown here speaks for itself as to the willful nature of your infringing acts, but your intent is further evidenced by the indisputable fame of the Toys R Us® brand. Courts and scholars have widely recognized the Toys R Us® brand, and in particular the R US Family of Marks, as one of the most famous brands in the world. *See e.g.*, *TOYS "R" US, INC. v. SMOKES R US OF PA CORP.*, 2011 WL 2582899 (M.D. Pa. June 20, 2011) (recognizing the Toys R Us brand and the R US Family of Marks as "undeniably famous throughout the United States (and abroad)"); *Toys "R" Us, Inc. v. Akkaoui*, 1996 WL 772709 (N.D. Cal. 1996) (finding the "Toys "R" Us family of marks" to be "famous and distinctive"); 4 McCarthy on Trademarks and Unfair Competition § 23:61 (5th ed.) (recognizing the R US Family of Marks among a select group of famous trademark families in his well-known treatise on trademark law).

      Courts recognize that the use of a mark that is practically identical to a famous mark implies an intent to infringe and places the burden on the defendant to refute. *Sears, Roebuck & Co. v. Johnson*, 219 F.2d 590, 593 (3d Cir. 1955) (shifting the burden to defendant to prove lack of intent where defendant used a mark that was "practically identical to the one plaintiff had been using for over 20 years").

      The Lanham Act authorizes courts "in exceptional cases [to] award reasonable attorney fees to the prevailing party." 35 U.S.C. § 1117(a). And it is clearly established "that willful and deliberate trademark infringement constitutes an exceptional case for purposes of attorneys' fees." *Holt's Co. v. Hoboken Cigars, LLC*, No. CIV. 09-3782 WJM, 2010 WL 4687843, at *4 (D.N.J. Nov. 10, 2010) (internal quotations and citations omitted). Accordingly, TRU Kids has every right and intention to seek every remedy available at law, including attorney fees, in the event you fail to comply with the below demands.

### Dilution of the Toys R Us® Intellectual Property

      Your use of your infringing logo dilutes and blurs the distinctive nature of TRU Kids' intellectual property. Of particular concern is your colligation of the TRU Kids intellectual property with your adult-oriented line of products. Your tarnishment of TRU Kids' brand is further compounded by your depiction of a vaping product within the famous Giraffe Design logo and directly adjacent to the famous TOYS R US® logo. For years, "Toys 'R' Us has sought to project the image of a store where children are the first concern . . . ." *Toys R Us, Inc. v. Feinberg*, 26 F. Supp. 2d 639, 641 (S.D.N.Y. 1998), *vacated and remanded sub nom. Toys "R" Us, Inc. v. Feinberg*, 201 F.3d 432 (2d Cir. 1999). But the products you choose to sell in conjunction with TRU Kids' branding elements are associated with hazardous, addictive, and age-restricted activities that are antithetical to the safe and family-friendly image TRU Kids has worked extensively to cultivate.

      Toys R Us® has not and will not tolerate this type of usage of its image. As stated previously, Toys R Us® has already prevailed in a lawsuit against a defendant with a situation

VAPE R US, INC.
May 2, 2025
Page 6

nearly identical to your own. *TOYS "R" US, INC. v. SMOKES R US OF PA CORP.*, 2011 WL 2582899 (M.D. Pa. June 20, 2011) (concluding, *inter alia*, that defendant "Smokes R Us" "tarnished the child-oriented R US Family of Marks by associating them with cigarettes or other tobacco products").

Drugs and drug paraphernalia placed in inappropriate contexts can expose defendants to liability for trademark dilution by tarnishment. *See, e.g.*, *NBA Properties v. Untertainment Recs. LLC*, No. 99 CIV. 2933 (HB), 1999 WL 335147, at *9 (S.D.N.Y. May 26, 1999) ("The NBA is bound to suffer negative associations from the juxtaposition of the distorted NBA Logo containing the basketball player with a gun in his right hand and the words 'SPORTS, DRUGS, & ENTERTAINMENT.'"). And it is near impossible to fathom a more inappropriate context to advertise the sale of smoking and vaping products than through stolen branding that was originally geared towards young children.

## Demands

Based upon the foregoing, we hereby demand that you cease and desist from any and all use of Toys R Us® Trademarks, Giraffe Design, and Trade Dress and attempts to pass off your goods and services as being at all associated with Toys R Us®. To be clear, we are demanding, without limitation, that you take the following steps immediately:

a) surrender to TRU Kids or destroy the logo on your Infringing Store in its entirety;

b) permanently cease any use of any mark containing "R US," "are us," a reverse "R", Giraffe Design or any similar component, on or in connection with goods or services of any kind, including, without limitation, as a business name, on product labeling and on any and all marketing materials;

c) surrender to TRU Kids or destroy any existing marketing, advertising, or promotional materials in the nature of signs, posters, flyers, handouts, shopping bags, coasters, matchbooks, lighters, key chains, or the like which bear or include any representation of your logo;

d) identify all of your marketing channels, including but not limited to any websites, social media accounts, other online or electronic marketing channels, brick-and-mortar stores, carts, and physical advertisements, and remove therefrom any depiction of your logo, any similar logo, any mark containing "R US," any mark containing "are us," any reverse "R," any Giraffe Design and any similar components;

e) change the name of your business VAPE R US so as to comply with element "b" above and record the change of name with the Connecticut Secretary of State;

f) deliver reports to my attention detailing all your company's (i) sales, revenues, and profits relating to its past uses of my client's intellectual property through and including the date of this letter; and (ii) list of customers that have purchased goods and services from your company in connection with your Infringing Store; and

VAPE R US, INC.
May 2, 2025
Page 7

    g) provide photographic and written proof of your compliance with each element above and allow a site inspection of your Infringing Store by a representative of TRU Kids.

These demands are not open for discussion.

We require your written agreement to each of the above demands no later than **May 12, 2025**. In the absence of a satisfactory response, TRU Kids intends to take any and all appropriate legal action to enforce its rights and remedies, including without limitation through monetary relief, injunctive relief, and recovery of attorneys' fees expended to stop your infringements.

TRU Kids will also seek to assert claims against the owners of your company, personally, to the greatest extent permissible under applicable law based on direct and/or contributory infringement.

This letter is not intended to be a recitation of all of the facts or law pertaining to this matter or all of TRU Kids' possible claims. Accordingly, nothing in this letter should be construed as a waiver of any rights by TRU Kids, all of which are expressly reserved.

Very truly yours,

*Andy Cor—*

Andy I. Corea

AIC:rer